IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FIDELITY BROKERAGE SERVICES LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 3:22-cv-07492 |
| PETER SCOCCA and WELLS FARGO CLEARING SERVICES, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION FOR PRELIMINARY INJUNCTION
PURSUANT TO RULE 65 AGAINST PETER SCOCCA AND
WELLS FARGO CLEARING SERVICES, LLC**

1. The Plaintiff, Fidelity Brokerage Services LLC ("Fidelity"), moves for entry of a Preliminary Injunction order under Federal Rule of Civil Procedure 65(a).

2. Fidelity has filed a five-count Complaint containing claims for breach of contract, tortious interference with contract, misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831, *et seq.*, misappropriation of trade secrets under the New Jersey Trade Secrets Act, N.J.S.A. 56:15-1, and unfair competition and violation of N.J.S.A. 56:4-1.

3. The Complaint arises out of Peter Scocca's ("Scocca") and Wells Fargo Clearing Services, LLC ("Wells Fargo") unlawful disclosure, use, and

retention of Fidelity's valuable confidential and trade secret client information following Scocca's voluntary resignation.  Fidelity has made every effort to obtain the return of the information from Defendants, but Defendants have refused and have continued their use of Fidelity's information.

4. Fidelity has demonstrated, and will further demonstrate for the Court: (1) that it has established a likelihood of success on its claims in the Complaint; (2) that it has no adequate remedy at law; (3) that it may be irreparably harmed absent injunctive relief; and (4) that public interest favors injunctive relief.  *See HR Staffing Consultants, LLC v. Butts*, 2015 WL 3492609, *7 (D.N.J. June 2, 2015) (McNulty, J.); *accord American Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3rd Cir. 2012)).

5. Fidelity is providing notice to Scocca and Wells Fargo of this motion. In particular, on the date of filing, Fidelity is simultaneously sending to counsel for Scocca and Wells Fargo, who has agreed to accept service, a copy of all filings in .pdf format via email.

6. Fidelity requests that the Court set this matter for a hearing on Fidelity's request for a preliminary injunction as soon as the parties are able to complete narrow, expedited discovery that is the subject of a simultaneously-filed motion and that will allow for a fuller presentation of the facts relevant to the preliminary injunction request.

FIRM:57658626v1

7. Fidelity further requests that the Court enter a preliminary injunction in accordance with the draft order submitted to the Court as *Exhibit A*. The proposed submission contains the precise relief Fidelity seeks in order to enforce specific contractual covenants and to protect its trade secrets.

8. Additionally, all parties are subject to the arbitration rules and regulations of the Financial Industry Regulatory Authority ("FINRA"). FINRA Rule 13200. Accordingly, concurrently with filing of this Motion for a Preliminary Injunction, Fidelity also is filing a Statement of Claim with FINRA seeking binding arbitration of this dispute pursuant to Rule 13804(a)(2). Although the merits of this case will likely be resolved in arbitration before FINRA, pursuant to FINRA Rule 13804, Fidelity is required to seek and obtain immediate injunctive relief in a court of competent jurisdiction before an expedited FINRA arbitration is permitted to proceed. Once a preliminary injunction is issued by this Court, expedited arbitration will be scheduled with FINRA within fifteen (15) days of the entry of the TRO. If no preliminary injunction is issued, however, this case cannot be heard by FINRA on an expedited basis and, instead, will be assigned to a standard-track arbitration, which could delay a hearing on the merits for a year or more. Preliminary injunctive relief is therefore requested to preserve the *status quo* until an expedited arbitration hearing before FINRA can occur.

9. Finally, Fidelity submits a memorandum of law with this motion outlining the points and authorities upon which it relies for immediate relief.

Respectfully submitted,

/s/ James P. Flynn
James P. Flynn, Esquire
Daniel R. Levy, Esq.
EPSTEIN BECKER & GREEN, P.C.
One Gateway Center
Newark, NJ 07102
(973) 973-642-1900 (phone)
(973) 973-639-8931 (fax)
*Counsel for Fidelity Brokerage Services LLC*

*Of Counsel*:

Russell Beck (*pro hac vice* to be filed)
Stephen Reed (*pro hac vice* to be filed)
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Tel (617) 500-8660
Fax (617) 500-8665

Dated: December 23, 2022