IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>PETER SCOCCA and<br>WELLS FARGO CLEARING<br> SERVICES, LLC,<br><br>              Defendants. | Civil Action No.: 3:22-cv-07492 |

**CONSENT ORDER**

IT IS HEREBY ORDERED, on consent, by and between the undersigned attorneys of record for Plaintiff Fidelity Brokerage Services LLC ("Plaintiff" or "Fidelity") and for Defendants Peter Scocca ("Scocca") and Wells Fargo Clearing Services, LLC ("Wells Fargo") (together, "Defendants") as follows:

    i.    Scocca is enjoined from using or disclosing Fidelity's trade secrets and other confidential information or otherwise violating the confidentiality provision of his Employee Agreement with Fidelity, including but not limited to using, disclosing, transmitting or

1

    continuing to possess for any purpose, the information contained in the records of Fidelity, including, but not limited to, the names, addresses, and confidential financial information of Fidelity customers or prospective customers whom Scocca served or whose names became known to him while in the employ of Fidelity, unless provided to him directly by the customer or prospective customer after he resigned from Fidelity on October 23, 2022;

ii. Wells Fargo is enjoined from using or disclosing Fidelity's trade secrets and other confidential information, including, without limitation, using, disclosing, transmitting or continuing to possess for any purpose, the information contained in the records of Fidelity, including, but not limited to, the names, addresses, and confidential financial information of Fidelity customers or prospective customers whom Scocca served or whose names became known to Scocca while in the employ of Fidelity, unless provided to Wells Fargo directly by the customer or prospective customer after Scocca's resignation from Fidelity on October 23, 2022;

iii. This Consent Order (specifically including paragraph v below) shall not preclude Wells Fargo from retaining a single, archived copy of any document containing information within the scope of this Consent

        Order to the extent required for regulatory purposes under FINRA Rule 4511 and SEC regulation, 17 C.F.R. § 240.17a–4. Wells Fargo shall not use or disclose any such information except (1) for purposes of this litigation; or (2) as otherwise required by law or legal process in response to a request, subpoena, regulatory investigation or other legal inquiry by any government body, regulatory authority, or legal process;

iv. Scocca shall submit to Fidelity's counsel a declaration attesting that he has returned to Fidelity all information, if any, subject to this Consent Order within seven (7) calendar days from the entry of this Consent Order;

v. A representative of Wells Fargo shall submit to Fidelity's counsel a declaration attesting that it has returned to Fidelity all information, if any, subject to this Consent Order within seven (7) calendar days from the entry of this Consent Order;

vi. Pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties will proceed to an expedited arbitration hearing on the merits before a duly appointed panel of arbitrators pursuant to Rule 13804 of the FINRA Code of Arbitration Procedure;

vii. Fidelity shall not be required to pay security;

viii. This Consent Order is effective immediately and shall remain in full force and effect until either a FINRA arbitration Panel rules on Fidelity's request for permanent injunctive relief pursuant to FINRA Rule 13804; by further agreement of the Parties; or by further order of this Court, whichever comes first;

ix. Notwithstanding the foregoing, and without a waiver of Fidelity's rights to seek damages for any conduct described in this paragraph, nothing contained in this Consent Order shall prohibit Defendants from (a) returning phone calls to, responding to emails from, or attending meetings requested by, clients serviced by Scocca at Fidelity or whose name became known to him by virtue of his employment with Fidelity, who initiate contact with Defendants; (b) possessing any documents or information provided directly to Defendants by a client serviced by Scocca at Fidelity after Scocca resigned on October 23, 2022; or (c) processing account transfer requests from clients or doing business with clients after their accounts transfer to Wells Fargo Clearing Services, LLC;

x. The Parties further stipulate that the Court, by "So Ordering" this Consent Order, does not make any findings of fact or any

determination as to liability; and

xi.   This Consent Order is without prejudice to the Parties' factual or legal claims or defenses with respect to any claims for relief and/or damages in the FINRA arbitration.

**IT IS SO ORDERED.**

By: _____
Hon. Georgette Castner
UNITED STATES DISTRICT COURT
JUDGE DISTRICT OF NEW JERSEY

Dated:  January 18, 2023

Consent as to entry:

/s/ Thomas B. Lewis
Thomas B. Lewis, Esq.
STEVENS & LEE
A Pennsylvania Professional
Corporation
Princeton Pike Corporate Center
100 Lenox Drive, Suite 200
Lawrenceville, NJ 08648
T: 609-987-5335
F: 610-371-7756
thomas.lewis@stevenslee.com

*[signature]*
Peter Scocca

/s/ James P. Flynn
James P. Flynn, Esq.
EPSTEIN BECKER & GREEN, P.C.
One Gateway Center
Newark, NJ 07102
(973) 642-1900 (phone)
(973) 642-0099 (fax)
*Counsel for Plaintiff Fidelity Brokerage Services, LLC*

*Of Counsel*:

/s/ Stephen D. Riden
Russell Beck (*pro hac vice* pending)
Stephen D. Riden (*pro hac vice* pending)
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Tel (617) 500-8660
Fax (617) 500-8665